UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 16-696-DMG-KK** | Date: | February 13, 2017 |
| Title: | ***Norman Halstead, et al. v. Pacific Gas and Electric Company PG and E, et al.*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:**   Order Re: Notice of Death of Plaintiff Gary Halstead

# I.
# INTRODUCTION

On June 10, 2016, Plaintiffs Norman Halstead, Aquilla Frederick, and Gary Halstead ("Plaintiffs") filed a First Amended Complaint ("FAC") alleging Defendant Pacific Gas and Electric Company ("Defendant") violated Plaintiffs' civil rights under 42 U.S.C. §§ 1983 and 1985(3). Dkt. 29, FAC. Plaintiffs alleged Defendant's remedial operations to remove hexavalent chromium from Hinkley's Aquifer, to which Plaintiffs and "similarly situated Plaintiff(s)" are connected "via private individual water well[s]," "has further caused poisoning of Plaintiff(s) private well with ARSENIC or URANIUM, way over the Federal and State EPA's limits, by injecting chemicals." Id. at 7, 12.

On June 28, 2016, Defendant filed a Motion to Dismiss the FAC. Dkt. 30. On August 2, 2016, the Court granted Defendant's Motion to Dismiss the FAC finding the SDWA preempts Plaintiffs' civil rights claims under 42 U.S.C. §§ 1983 and 1985(3), but granting Plaintiffs leave to amend. Dkt. 43.

On August 18, 2016, Plaintiffs Norman Halstead and Aquilla Frederick filed a Second Amended Complaint ("SAC") once again alleging Defendant violated Plaintiffs' civil rights under 42 U.S.C. §§ 1983 and 1985(3). Dkt. 44, SAC. In the SAC, Plaintiffs Norman Halstead

and Aquilla Frederick informed the Court that Gary Halstead ("Decedent") had passed away on July 23, 2016. SAC at 13, 20.

## II.
## APPLICABLE LAW

Federal Rule of Civil Procedure 25(a)(1) ("Rule 25(a)(1)") provides that if a party dies, unless substitution is made within ninety days of the service of a suggestion of death, the action shall be dismissed as to the deceased party. Fed. R. Civ. P. 25(a)(1). The Rule establishes a procedure that protects those who have an interest in the litigation and the authority to act on behalf of the decedent by permitting substitution for the deceased party without unduly burdening the surviving party. Barlow v. Ground, 39 F.3d 231, 233–34 (9th Cir. 1994).

Under Rule 25(a)(1), a party must (1) formally suggest the death of the party upon the record, and (2) serve the nonparty representatives of the deceased party with the suggestion of death in the manner provided in Federal Rule of Civil Procedure 4 for the service of a summons. Id. at 233. The 90-day period in which a motion for substitution can be made is not triggered until both of these steps are taken. Id.

The capacity of Decedent's estate to litigate in federal court is designated by California law. Fed. R. Civ. P. 17(b)(3). California law also identifies those individuals that can represent an estate in court. "A cause of action that survives the death of the person entitled to commence [it] . . . may be commenced by the decedent's personal representative, or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.30. A "personal representative" is an "executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to [Probate Code] section 7660, or a person who performs substantially the same function of another jurisdiction governing the person's status." Cal. Prob. Code § 58(a).

An individual seeking to file an action as a decedent's successor in interest must attest to certain facts showing that the person is, in fact, entitled to maintain the action on behalf of the decedent's estate. Cal. Civ. Proc. Code § 377.32; Tatum v. City & County of San Francisco, 441 F.3d 1090, 1094 n.2 (9th Cir. 2006). The proposed "successor in interest" must execute and file an affidavit or declaration under penalty of perjury, which states: (1) the decedent's name; (2) the date and place of decedent's death; (3) that no proceedings are pending in California for the administration of the decedent's estate; (4) either that the declarant is the decedent's successor in interest or is authorized to act on behalf of the decedent's successor in interest; and (5) that no other person has a superior right to commence the action or proceeding for the decedent. Cal. Civ. Proc. Code § 377.32(a). Moreover, the declarant must attach a certified copy of the death certificate, and if the decedent's estate was administered, the declarant must produce a copy of the final order showing distribution of the decedent's cause of action to the successor in interest. Id.

However, a person who is unlicensed to practice law and who purports to represent a decedent's estate cannot appear in propria persona on behalf of the estate in matters outside the probate proceedings. See City of Downey v. Johnson, 263 Cal. App. 2d 775, 780, 69 Cal. Rptr. 830 (1968); see also Hansen v. Hansen, 114 Cal. App. 4th 618, 621, 7 Cal. Rptr. 3d 688 (2003); see also Drake v. Super. Ct., 21 Cal. App. 4th 1826, 1830-31, 26 Cal. Rptr. 2d 829 (1994) ("[A] nonlawyer representing his mother's estate as conservator and executor cannot appear in propria persona on behalf of the estate."); Jones v. Corr. Med. Servs., 401 F.3d 950, 951–52 (8th Cir. 2005) (non-attorney administrator of decedent's estate may not proceed pro se on behalf of estate); Estate of Mohammed ex rel. Wideman v. City of Morgan Hill, No. 5:10-CV-05630 EJD, 2012 WL 2150309, at *4 (N.D. Cal. June 12, 2012), judgment entered, 2012 WL 2906239 (N.D. Cal. July 13, 2012).

### III.
### DISCUSSION

Here, on August 18, 2016, the Court was informed for the first time that Gary Halstead had passed away. Dkt. 44, SAC. The suggestion of death was made on the record and the parties to this action have been served. Over ninety days have elapsed since August 18, 2016 and neither party has filed a motion for substitution. Therefore, it appears Decedent's claims are subject to dismissal pursuant to Rule 25(a). Meyers v. Cty. of Los Angeles, No. CV 10-05225 DMG (AJW), 2011 WL 7164461, at *3 (C.D. Cal. Dec. 19, 2011), report and recommendation adopted, 2012 WL 394857 (C.D. Cal. Feb. 6, 2012). However, it is unclear whether either party has made any attempt to identify Decedent's successor or representative.

### IV.
### ORDER

Accordingly, **IT IS ORDERED** that **within twenty-one (21) days** of the date of this Order:

1.  Plaintiffs Norman Halstead and Aquilla Frederick shall make a reasonable investigation into the status of Decedent's estate and, if a representative of the estate is discovered, shall serve a suggestion of death of Decedent in accordance with Rules 4 and 25 on the representative, and shall file a proof of service reflecting proper service of the suggestion of death on the representative of Decedent's estate; or

2.  If Plaintiffs Norman Halstead and Aquilla Frederick contend either of them is a proper representative of Decedent's estate, they shall file a proper motion for substitution. Because Plaintiffs do not purport to be licensed attorneys in their own right, Plaintiffs are advised that any plaintiff that qualifies as a successor in interest must obtain legal representation if the Decedent's case is to proceed further. Johns v. Cty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'" (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987))); or

      3.      If Plaintiffs Norman Halstead and Aquilla Frederick are unable to effectuate service on a representative of Decedent's estate, then they shall file a declaration concerning their efforts to comply with this Order.

      This Order is without prejudice to Defendant seeking any appropriate relief.

      **The Court warns the parties that the Court will deem their failure to timely file a response to this Order as consent to the dismissal of Decedent's claims without prejudice.**

      **IT IS SO ORDERED.**